### No. 2,626.

JOHN HANCOCK *et al.,* Respondents, *v.* E. A. PREUSS *et al.,* Appellants.

Service of Summons.—Re-Delivery and Service after Return.—After a summons has been served on some of the defendants, and returned, it is competent to the Court to order it delivered to the plaintiff for further service on other defendants in the same or another county.

Idem.—Presumption.—When the summons is served after having been once returned, and the Court thereupon assumes jurisdiction of the defendants, and renders judgment against them, it will be presumed in a collateral attack on the judgment, that the Court made the requisite order, permitting the summons to be withdrawn for future service.

Idem.—A re-delivery of the summons without an order of the Court, is·an irregularity, of which the opposite party may avail himself by direct attack; but such irregularity will not render the service of the summons void.

Appeal from the Seventeenth District Court, County of Los Angeles.

This is an action of ejectment. On the trial the defendant offered in evidence, the judgment roll of an action to

foreclose a mortgage of the premises in question, in which action the plaintiff grantor was a defendant and a party foreclosed. The defendants claimed title, under the Sheriff sale and deed, pursuant to said judgment.

The Court below, ruled that the judgment was void as to plaintiff grantor—one Benjamin J. Virgin—on the ground that it appeared by the said roll, that he had not been served with summons in the action.

The defendants also offered in the evidence the proceedings under the judgment of foreclosure after the exclusion of the judgment roll.

The other facts are stated in the opinion.

*Glassell, Chapman* and *Smith,* for Appellants.

*First*—The Sheriff's return attached to the summons recites a formal service on Virgin.

But we can see no reason for an *alias summons,* nor understand on what principle the Sheriff's act of filing the summons with the Clerk before it was served, should destroy the further vitality of the summons. And this appears to be the view taken by this Court in the case of *Dupuy* v. *Shear,* (29 Cal. 239.)

Possibly it might be maintained, that by filing the summons it thereby became one of the files of the Court, not subject to be taken out for further service, without an order of Court. But, if so, in order to maintain the jurisdiction of the Court in rendering the judgment, it would be presumed that the required order was obtained. (*Hahn* v. *Kelley,* 23 Cal. 391; *Sharp* v. *Lumley,* 34 Cal. 615; *Smith* v. *McDonald,* July Term, 1870.)

*Second*—The judgment expressly ·and conclusively finds that the said Virgin was duly served with summons. (*Vangeazel* v. *Hilliard,* 1 Houston, Del. 515.)

*Third*—The recital of the service of summons on said Virgin, contained in the findings of the Court attached to the judgment roll, is positive evidence of such service.

As a record in the case, it is evidence of the fact of ser-

vice of summons, as therein expressly declared. (*Lick* v. *Stockdale*, 18 Cal. 223–4.)

Those cases, which restrict *the attack* upon the validity of a judgment to the evidences contained in the technical judgment roll, do not make the same restriction when other portions of the record are relied on *in support* of the judgment. (*Hahn* v. *Kelley, supra et ubique*; *Quivey* v. *Porter*, 37 Cal. 458.)

The judgment roll *per se* does not show want of jurisdiction of the person of Virgin, and such jurisdiction is therefore conclusively presumed. (Authorities *supra*.)

The Court would even presume, if necessary, that another summons was afterwards issued and served. (*Sharp* v. *Lumley*, 34 Cal. 615; *Carpentier* v. *Oakland*, 30 Cal. 447–8; *Hahn* v. *Kelley*, 34 Cal. 391; *Smith* v. *McDonald*, July Term, 1870.)

*Larrabee, Ganahl,* and *McDaniel*, for Respondents.

The legal principles established by this Court are these:

*First*—A judgment is absolutely void, if it appear that there was want of jurisdiction in the Court rendering it, either of the subject matter, or the person of the defendant.

*Second*—The jurisdiction of a superior Court need not affirmatively appear in the judgment roll; if it does not, and the contrary does not therein affirmatively appear, jurisdiction will be presumed.

This judgment, we say, is absolutely void as to Virgin, and those who claim under him, because it affirmatively appears upon the face of the record, that the Court never had jurisdiction of his person.

It cannot be presumed in favor of this judgment, that the vital thing was done which the law requires in order to give jurisdiction, for it affirmatively appears that the thing which was done, was not *so* done as to give it. It appears that the single thing done was the service of a dead writ. It affirmatively appears that there was no voluntary appearance of Virgin; for in that event either an issue would have been formed, or there would have been default for want of answer.

In the judgment there is neither recitation of appearance, nor of service of process. It is a naked judgment, with no pretense of jurisdiction. Nor can it be presumed that another and different summons was issued and served, for the single summons shows, by the endorsement on its back and by the returns attached, that it was the only summons in the case, and that it was the identical paper served upon Virgin.

Much less can it be presumed that there was an order of Court permitting the taking out the defunct writ, and ordering its service upon other defendants, for no Court can give vitality to a dead writ by any known form of adjudication. The summons is the writ of the Constitution and the law, and not the prescript of the judge.

This writ then when once issued, placed in the hands of the executive officer, and by him returned and filed in Court, became *functus*, for all purposes save as a record of its previous vitality. It ceased to be a living writ, became part of the files of the Court, and a necessary part of the judgment roll to be subsequently made. It was henceforth to be a record. It had fulfilled its living function. The return day had passed, and the return was complete.

It may as well be argued that a Court has power to order a returned execution to be re-issued and served, or any other writ known to the law, as that a dead summons can be given vitality by the mere breath of the Court

There is nothing in the Practice Act prohibiting any number of writs of summons in a single suit, taken out either simultaneously, or consecutively. This has been so decided by this Court in *Sharp* v. *Lumley*, (34 Cal. 611), where there were two writs issued. The Court says: "The fact that a summons also issued on the first of August is not inconsistent with the fact that one issued in May. (Also see *Depuy* v. *Shear*, 29 Cal. 239.)

We now proceed to notice such points of appellant's brief as are not already anticipated:

*First*—"The Sheriff's return, attached to the summons, recites a formal service on Virgin."

So it does, but at the same time it shows the service to have been a writ that had once been returned and filed in Court. Hence there was both an absence of *notice* by the Sheriff to Virgin, as well as a want of power in the Sheriff to give any notice

The moment the summons was returned and filed by the Clerk, it became a part of the judgment roll. (*Sharp* v. *Lumley*, 34 Cal. 611.)

*Second*—"The judgment expressly and conclusively finds that the said Virgin was duly served with summons."

We reply that the judgment does *not* "find" that Virgin or any other defendant was served with summons, nor does it recite any appearance upon which to "find." The law specifies exactly what shall constitute the judgment roll. (Practice Act, Sec. 203.)

In the case of *Workman* v. *Hancock* there was no answer of any one of the defendants; it was a palpable case of default for not answering. Again it is said that "the so-called 'findings' constitute a judgment, and contain all the essentials thereof." In the case of *Workman* v. *Hancock*, there being no issue joined, the so-called findings are wholly nugatory, and if so, no reference to them in the judgment could give them vitality. (*Swift* v. *Muygridge*, 8 Cal. 445 ; *Fox* v. *Fox*, 25 Cal. 587; *Tayler* v. *Palmer*, 31 Cal. 242 ; *Burnett* v. *Stearns*, 33 Cal. 468; *Hahn* v. *Kelly*, 84 Cal. 391 ; *Sharp* v. *Dampney*, 33 Cal. 505.)

RHODES, C. J., delivered the opinion of the Court, TEMPLE, J., CROCKETT, J., and WALLACE, J., concurring:

The record in the action of *Workman* v. *Hancock* was excluded, when offered in evidence by the defendants, on the ground that it appeared therefrom that Benjamin J. Virgin, who held the legal title to the premises in suit, had not been served with process. It appears from the record, that a summons was issued and placed in the hands of the Sheriff of Los Angeles County, who served the same upon certain of the defendants, and returned it to the Clerk's office; and that subsequently, and after it had been served

upon certain of the defendants in Sacramento and Los Angeles counties, it was received by the Sheriff of the city and county of San Francisco, who served it upon the defendant Virgin. The official certificate of service was, in each case, indorsed on the summons.

It is not denied that the summons was in fact served upon Virgin; but it is contended by the plaintiffs, that as the summons had been returned to, and filed in, the Clerk's office before it came to the hands of the Sheriff of San Francisco, it did not confer any authority on him to make the service—that when the summons was returned and filed it became *functus officio* for all purposes whatsoever, except to constitute a part of the record in the cause. A summons is not directed to the officer or person by whom it is to be served, nor is it required to be returned at or before any specified time; but it is directed to the defendants, and is required to be returned with the proof of service. There can be no question that, after the service of the summons upon the defendants who were found in Los Angeles County, the plaintiff might have delivered it to the Sheriff of the city and county of San Francisco, and that his service of the process would have been valid. The statute does not require that a separate summons shall issue to each county in which any of the defendants may reside ; and after a summons has been served on some of the defendants and returned, it may become necessary or proper that it should be served on other defendants, either in the same or another county; and in that case it would be competent to the Court to order it to be delivered to the plaintiff for further service. When the summons was served, after having been once returned, and the Court thereupon assumed jurisdiction of the defendants, and rendered judgment against them, it will be presumed, in a collateral attack on the judgment, that the Court made the requisite order, permitting the summons to be withdrawn for further service. A re-delivery of the summons, without such an order, would be an irregularity of which the opposite party might avail himself,

CAL. REP. XL.—37

by a direct attack in some proper mode; but such irregularity would not render the service of the summons void. We are of the opinion that the Court erred in excluding the judgment of foreclosure.

It was altogether useless for the defendants to offer in evidence the proceedings under the judgment of foreclosure, after the exclusion of the judgment. When an essential link in their chain of title was excluded, it needed only the statement that they claimed through that chain of title, in order to present for review the questions arising upon the ruling of the Court in that respect.

Judgment and order reversed, and cause remanded for a new trial.