MARY E. GANDY v. JOLLY, SWAN, DEW & HARDIN
ET AL.

[FILED MAY 18, 1892.]

1. **Absconding Debtors:** ACTIONS AGAINST: LOCUS. An ordinary action must be brought in the county where the defendant resides, or service of summons can be made upon him; but where a debtor absconds and an attachment is issued against his property the action may be brought in the county of his

former residence and where the debtor's property may be found.

2. ———: Who Are. In a legal sense a party absconds when he hides, conceals, or absents himself clandestinely with the intent to avoid legal process.

Error to the district court for Johnson couuty. Tried below before Appelget, J.

*E. W. Thomas,* and *D. F. Osgood,* for plaintiff in error:

The summons was served by reading, and this court has held such service insufficient. (*Newlove v. Woodward,* 9 Neb., 502.) Attachment is a statutory proceeding, and can be prosecuted only in the manner pointed out by statute. (*Miller v. Mason,* 51 Ia., 239; Waples, Attachment, 372.) A valid judgment against the principal defendant is essential to authorize a judgment against the garnishee. (*Frisk v. Reigelman,* 75 Wis., 499; 8 Am. & Eng. Ency. Law, 1245; *White v. Lumber Co.,* 29 W. Va., 385.) A garnishee may avail himself of any defect in the proceedings in the original action which invalidates the judgment. (*Beaupre v. Keefe,* 48 N. W. Rep. [Wis.], 596; *Streissguth v. Reigelman,* 75 Wis., 212; *Cota v. Ross,* 66 Me., 161; Black, Judgment, sec. 295; *Buggy v. Patt,* 35 N. W. Rep. [Ia.], 588.)

*S. P. Davidson, contra.*

Maxwell, Ch. J.

This action was brought in the district court of Richardson county by the defendants in error against the plaintiff in error, to recover against her as garnishee.

It is alleged in the petition that the defendants in error recovered a judgment against one Charles N. Richardson, for the sum of $145.67 and costs taxed at $33.50, in which action M. E. Gandy was made garnishee; that she appeared and answered as such; that by her answer it appeared to

the court that before the serving of notice upon her she had taken possession of about 2,000 bushels of wheat belonging to Richardson under a chattel mortgage thereon, executed to her by said Richardson, and the court ordered and adjudged that she should pay into court all the balance of the proceeds of said wheat over and above what was sufficient to satisfy her chattel mortgage.

The plaintiffs then averred that said answer was unsatisfactory, and that she had in her possession of the proceeds of said wheat over and above the true amount of her mortgage more than $500, and that she had failed to comply with the order of the court to pay over such balance. Plaintiffs then asked judgment against M. E. Gandy for $189.36 and interest.

In her answer, among other things, she denied each and every allegation of the petition, except that she had been served with a notice of garnishment.

The case was tried to a jury, but afterwards, on motion of the plaintiff in error, the verdict was set aside and the second trial was to the court without the intervention of a jury, and the court found in favor of the plaintiffs below, and that there was due from defendant to plaintiffs the sum of $227.43. A motion for a new trial was filed by the defendant below, and the same being overruled, she brings the case to this court by petition in error.

The principal contention of the plaintiff in error is that there was no valid judgment against Richardson. An examination of the record shows that in June, 1888, an action by attachment was brought in the district court of Richardson county by the defendants in error against Charles N. Richardson, upon a promissory note and account; that the ground of attachment was "that defendant has absconded with intent to defraud his creditors, and has removed and disposed of his property with the intent to defraud his creditors." Summons was issued to various counties and returned without service. It was afterwards

discovered that Richardson was in Custer county, and he was served with summons there.    If this case rested upon the service of summons alone, such service would be insufficient, as an action must be brought in the county where the defendant resides or can be served.

In this case, however, it is charged, and, so far as Richardson is concerned, is not seriously denied, that he absconded for the purpose of defrauding his creditors.    To abscond, in a legal sense, means to hide, conceal, or absent one's self clandestinely with the intent to avoid legal process.    (*Bennett v. Avant*, 2 Sneed [Tenn.], 152; 1 Am. & Eng. Ency. of Law, 34 Drake on Attachment, secs. 48–53.)  It is not necessary to depart from the state.    It may not be known for some time whether the debtor has, in fact, left the state or not, and that seems to have been the case here.

The judgment against Richardson, therefore, is valid and is a protection to the plaintiff in error.    It is unnecessary to notice the other errors assigned.    The judgment is

AFFIRMED.

THE other judges concur.