35 711
50 288

MARY E. GANDY v. JOLLY, SWAN, DEW & HARDIN.

[FILED NOVEMBER 23, 1892.]

1. Process: IRREGULARITY OF SERVICE: WAIVER OF DEFECT. Where there is actual personal service of process upon a defendant, as by reading the summons to him in place of serving a copy of the same, and the defendant does not appear and object

on that ground, and judgment is rendered against him, it is not open to collateral attack, as the judgment is not void but voidable.

2. ——: ——: ——.  If there is any irregularity in the manner of service on the defendant of valid process, he must take advantage of such irregularity by motion or other proceeding in the court where the action is pending.

3. ——: SERVICE IN ANOTHER COUNTY.  Where an action is instituted by attachment against an absconding debtor in the county from which he absconded, process may be served upon him in any other county of the state, and a judgment rendered on such service will be valid unless he appears and contests the right to maintain the action there.

MOTION for rehearing of case reported in 34 Neb., 536.

*Daniel F. Osgood,* and *E. W. Thomas,* for the motion.

MAXWELL, CH. J.

An opinion was filed in this case which is reported in 34 Neb., 536.  A motion for a rehearing has been filed in this case and as the questions involved are of considerable importance we have deemed it proper to present the reasons for our ruling in the form of an opinion.

Briefly stated, the defendants in error are partners, and in April, 1888, brought an action by attachment in the county court of Richardson county against one Charles U. Richardson, and the plaintiff in error was served with notice as garnishee.  She answered that she had about 2,000 bushels of wheat of Richardson's subject to her chattel mortgage lien thereon for a loan of money.  Afterwards judgment was taken by default against Richardson in favor of the defendants in error for the sum of $145, and costs taxed at $33.50, and the plaintiff in error was ordered to pay into court the surplus of wheat held upon her chattel mortgage.  This not being done the defendants in error brought an action against the plaintiff in error for the value of said property.  In her answer she denied that the

defendants in error had recovered judgment against Richardson. On the trial the defendant in error recovered judgment in the district court against the plaintiff in error, and she now brings the cause into this court; the defense being that there is no valid judgment against Richardson.

The grounds upon which the plaintiff in error bases her claim are that the action was brought in the wrong county and that service is shown to have been made upon Richardson by reading the summons to him. Do these defects render the judgment void?

In *Newlove v. Woodward*, 9 Neb., 502, in a direct attack upon the judgment based on such service, this court held it insufficient. That case has been followed in one or two other cases and no doubt is correct, where objection is made in a proceeding to correct the judgment. But suppose a judgment has been rendered, as in this case, upon such service, is the judgment void? We must bear in mind that the *nisi prius* court has held it sufficient and the question is did that court err?

In Black on Judgments, sec. 224, it is said: "Although the service of process in an action may have been characterized by some defect or irregularity, it does not necessarily follow that the ensuing judgment will be void. For if the party would take advantage of such a matter, he must do so in the action itself by some proper motion or proceeding. It is only when the attempted service is so irregular as to amount to no service at all that there can be said to be a want of jurisdiction. In any other case there may be error in the subsequent proceedings, but they will be sustained against a collateral attack. But a judgment recovered by default, upon service of the summons by delivery of a copy to a third person who is not a resident at the 'house of defendant's usual abode,' is void for want of jurisdiction. And so a citation addressed to and served upon a stranger, although he is the authorized agent of the defendant, is not binding upon the latter, and

will not authorize a judgment against him. So a judgment by default is void when the service had upon the defendant consisted only of the handing to him, by plaintiff's attorney, of a copy of the declaration on the day before the original declaration was filed. And the same consequences were held to result in a case where the return to the summons was made in the name of a deputy sheriff, instead of in the name of the sheriff himself. And it is said that where the sheriff, who serves the writ, is himself the plaintiff, the judgment in the suit so begun is a nullity, and the defendant may restrain it by injunction."

In Freeman on Judgments, sec. 126, the matter is stated very clearly. It is said: "From the moment of the service of process, the court has such control over the litigants that all its subsequent proceedings, however erroneous, are not void. If there is any irregularity in the process, or in the manner of its service, the defendant must take advantage of such irregularity by some motion or proceeding in the court where the action is pending. The fact that defendant is not given all the time allowed him by law to plead, or that he was served by some person incompetent to make a valid service, or any other fact connected with the service of process, on account of which a judgment by default would be reversed upon appeal, will not, ordinarily, make the judgment vulnerable to a collateral attack. In case of an attempted service of process, the presumption exists that the court considered and determined the question, whether the acts done were sufficient or insufficient. If so, the conclusion reached by the court, being derived from hearing and deliberating upon a matter which, by law, it was authorized to hear and decide, though erroneous, cannot be void."

As applied to this case, if we take the statement of the plaintiff in error, there was an attempt to serve a valid summons on Richardson. He was notified that an action had been instituted against him and that it was his duty to

answer at a definite time.    It is true the service as shown
by the return was not by copy as the statute requires, but
it was not void.    Had Richardson appeared and objected
to the service, it would have been set aside as defective and
irregular, and the court would have required new service
before proceeding to render judgment.    No objections were
made, however, and the court, in rendering judgment
against Richardson, held it sufficient, and as it was not
void but voidable, it was not subject to collateral attack,
and therefore the objections of the plaintiff in error are
overruled.

The action was instituted in Richardson county where
the defendant appears to have resided.    It is charged in
the affidavit for an attachment that he had absconded
with the intent to defraud his creditors.    If this were true
it would be sufficient to sustain the attachment, although
it afterwards appeared that he had not left the state.    Or-
dinarily, it could not, in such case, be known whether he
had left the state or not, or that he had clandestinely re-
moved to another county, if such was the case, and it is
sufficient to bring the action in the county where he form-
erly resided, and even if his residence is afterwards discov-
ered in the state and service made upon him there, it will
be sufficient, unless he appears and contests the right of the
creditor to maintain the action.    There is no cause for a
rehearing and the motion is overruled.

MOTION OVERRULED.

THE other judges concur.