CURTIS-BAUM COMPANY, APPELLEE, v. SAMUEL LANG, APPELLANT.

FILED MARCH 5, 1909. No. 15,524.

1. Replevin: DEFENSES: EVIDENCE. Where a sheriff or constable seizes property by virtue of a writ of attachment regularly issued, and being sued in replevin for the possession of the property by a stranger to the action, justifies under the writ, he is not required to prove the debt of the attaching creditor, except in cases where such property was by him taken from the possession of such stranger to the action.

2. Attachment: JURISDICTION. An affidavit for attachment which alleged that the defendant is about to remove his property out of the county with intent to defraud his creditors justifies a justice of the peace in issuing an attachment, and gives him jurisdiction of the property of the defendant seized in the county under such writ when followed by the service provided by section 932 of the code.

APPEAL from the district court for Platte county: CONRAD HOLLENBECK and JAMES G. REEDER, JUDGES. Reversed.

A. M. Post and R. P. Drake, for appellant.

R. W. Hobart and Albert & Wagner, contra.

CALKINS, C.

One Dr. Neef, of Humphrey, in Platte county, on about the 15th day of April, 1906, purchased of the Bennett Company of Omaha a piano, giving his note therefor, which contained a provision that the title to the piano and right of possession should not pass from the Bennett

Curtis-Baum Co. v. Lang.

Company until the note was fully paid.  On the 13th day of September, 1906, this and other property was seized by the defendant, a constable in and for Platte county, who claimed the right to take the same under orders of attachment issued by a justice of the peace against the property of the said Neef.  On the 10th day of November, as the constable was about to sell the property in question, the plaintiff, to whom the note mentioned had been indorsed, brought this action in replevin for the possession of said piano.  On the trial of the case in the district court the plaintiff offered in evidence the note in question and the indorsement thereof, but did not attempt to prove that the same was filed with the clerk of the county with the affidavit required by section 26, ch. 32, Comp. S 1905.  The defendant offered in evidence the docket the justice of the peace and the files in the several cases in which it was claimed attachments were issued, including such writs of attachment and the return thereon, which were by the court excluded, and a verdict directed for the plaintiff.  From the judgment rendered upon this verdict the defendant appeals.

1. Error is assigned in various forms, but, reduced to its simplest terms, the question is whether the court erred in excluding dockets of the justice and the papers in the various attachment cases.  It appears from an inspection of the record that these papers were first admitted in evidence, and that the defendant then asked permission of the court "to correct the clerical error changing the word August to October."  This was denied, and the papers . excluded.  Whatever may have been the actual facts, we are bound by the record presented to us, and an examination of the papers attached to the bill of exceptions and certified to be the papers which were offered and excluded shows that each of the cases was continued to the 29th day of October.  If in fact these papers as offered and rejected by the court showed the cases continued to the 29th day of August, there has been an error in the settling of the bill of exceptions, behind which we cannot go.

The papers offered tended to show that on the 13th day of September, 1906, suits were begun against Neef before a justice of the peace for Platte county, and affidavits for attachment filed, which charged that "he had removed from the county to avoid summons, and is a nonresident of the county, and is about to remove his property or a part thereof out of the county with the intent to defraud his creditors"; that an undertaking was given in each case, upon which attachments were issued against the property of Neef and placed in the hands of the defendant as constable; that he on the same day levied said attachments upon the said piano and other property found in the residence last occupied by Neef in the village of Humphrey; that the return upon the summons showed that the defendant Neef was not found in the county, and the justice adjourned the cases until the 29th day of October, whereupon the plaintiff proceeded to publish in a newspaper printed in the county a notice, stating the names of the parties, the time when and by what justice of the peace and for what sum the order was issued; that on the 29th day of October the justice rendered judgment against Neef and made an order for a sale of the attached property, which the defendant was proceeding to execute on the 10th day of November, when this suit was begun and the property was taken away from him.

The plaintiff contends that it was necessary for the defendant to show, in addition to the facts above mentioned, that the attachment plaintiffs were *bona fide* creditors of Neef. The statute in regard to conditional sales (Comp. St. 1905, ch. 32, sec. 26) makes the same void as to "attaching creditors." *Peterson v. Tufts,* 34 Neb. 8. We do not overlook the rule adopted by this court in *Oberfelder v. Kavanaugh,* 21 Neb. 483, that an officer who in the execution of an order of attachment seized property found in the possession of a stranger to the attachment proceeding, in a subsequent action of replevin by such stranger, is required to establish both the alleged indebtedness of the attachment defendant and the regu-

larity of the proceeding. That rule would apply had the property in this case been taken from the possession of the plaintiff; but the plaintiff having surrendered possession to Neef does not come within the rule, and we are satisfied that it should not be extended to cases in which the officer does not take the property from the possession of a stranger to the writ.

2. It is contended that since section 60 of the code requires an action to be brought in the county where the defendant resides or may be summoned, and the affidavit for attachment sets forth that he is a nonresident of the county, the justice had no jurisdiction. It has already been settled in this state that an absconding debtor is rightly suable by attachment in the county of his late residence where his property remains and is subject to seizure. *Gandy v. Jolly,* 34 Neb. 536; *Smith v. Johnson,* 43 Neb. 754. The fifth ground for attachment before a justice of the peace (code, sec. 925) is that the defendant is about to remove his property or a part thereof out of the county with intent to defraud his creditors. We think the reasoning of the cases above cited applies to this ground of attachment, and that it would render it nugatory to say that the defendant must reside or be served with summons in the county from which he is so attempting to remove his property with intent to defraud his creditors. It follows that an affidavit for attachment which alleges that the defendant is about to remove his property out of the county with intent to defraud his creditors justifies a justice of the peace in issuing an attachment, and gives him jurisdiction of the property of the defendant seized in the county under such writ when followed by the service provided by section 932 of the code.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

Duffie, Epperson and Good, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.