# CHARLESTON.

## G. ELIAS & BROTHER v̇. BOONE TIMBER COMPANY.

### Submitted January 27, 1920.   Decided February 10, 1920.

1. DEPOSITIONS—*Defective Notice to Take May be Amended to Conform to Fact.*

    Where a return of service of a notice to take depositions is deficient in its averments, and amendable, it is proper to amend it to accord with the facts; and for that purpose it is not improper to take and consider proof showing the fact of service, for the purpose of sustaining the return. and, if sufficient, to admit the depositions as evidence, regardless of such defect.  (p. 511).

2. CORPORATIONS—*Removal to Another County and Failure to Appoint Another Agent to Accept Service Continues Former Apointee's Authority.*

    Though section 24, ch. 54, Code, providing for the appointment of attorneys in fact for resident domestic corporations, requires the appointment of "some person residing in the county * * * where its (corporate) business is conducted, * * * upon whom service may be had of any process or notice," and due appointment is made of such person, but who later removes to some other county in which the corporation maintains no office and conducts no business, by its failure to appoint another resident of the proper county to act in his stead, it acquiesces in the continuance of the former appointee in that capacity until his successor is appointed.  The person first appointed continues to represent the corporation in a de facto, if not a de jure, capacity, and the corporation cannot lawfully complain that a plaintiff, who desires to sue it or serve notices upon it, and is unable to find any of its officers or a properly appointed representative in the county where it conducts its business upon whom to serve process, serves it upon him as attorney in fact for that purpose.  (p. 512).)

3. SAME—*Validity of Service Held Not to be Disputed Because Served on De Facto Officer.*

    The validity of the service of a legal notice in such case cannot be disputed on the ground that the same was served upon a de facto officer.  (p. 512).

4.   EVIDENCE—*Duly Authenticated Carbon Copies of Letters, Telegrams, Etc., Admissible as Duplicate Originals.*

Duly authenticated carbon copies of letters, telegrams or other documents, identified as resulting from the same operation of the typewriter by the use of carbon sheets properly adjusted, are admissible as duplicate originals, and constitute primary rather  than secondary evidence of the facts they recite or contain, without accounting for the nonproduction of the originals or demanding their production, where the latter are in the possession of the party objecting to their introduction.   (p. 513).

5.   SALES—*Measure of Damages for Breach of Contract to Deliver Property Stated; Where no Local Market, Nearest Source of Supply Fixes Basis of Damages.*

The measure of damages for the breach of a contract for the sale and delivery of property readily obtainable in the open market is the difference between the contract price and the market price of such goods at the time when and place where the contract is broken.   But if no local market exists at the place where delivery was due, the buyer may seek the nearest available source of supply to meet the exigencies of his demands.   (p. 514).

6.   SAME—*On Failure to Deliver, Expense in Obtaining Property at Local Market and Transporting it to Delivery Point May be Added to Damages.*

When, under such circumstances, the buyer purchases in a market remote from the place agreed upon by the parties for delivery of the property contracted for, the expenses necessarily incurred in obtaining and transporting the property to such delivery point are to be added; but where, as here, the seller has agreed to pay the transportation charges on the shipment, it is proper to include in the damages allowed full transportation charges from the place of repurchase to the shipping destination named in the contract.   (p. 514).

7.   SAME—*Where Contract so Provides.   Inspection is Condition Precedent to Passing Title; Seller Refusing to Furnish Goods Conforming to Contract is Liable for Damages.*

Where a contract for the sale of lumber, fully completed by offer and acceptance, provides for "final inspection to be made at the (defendant's) mill," such inspection does not necessarily constitute a condition precedent to the existence of a binding contract, but merely to the passing of title to the subject matter thereof; and where the seller refuses to furnish goods conforming to the specific requirements of the contract, as

determined by a fair and honest inspection on the part of the buyer and the verdict of a jury, the seller is liable for the damage so caused. (p. 514).

Error to Circuit Court, Logan County.

Action in assumpsit by G. Elias & Bro., a corporation, against the Boone Timber Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Chafin & Bland,* and *A. M. Prichard,* for plaintiff in error.
*E. L. Hogsett,* for defendant in error.

LYNCH, JUDGE:

In this assumpsit action plaintiff, a corporation, sues to recover damages resulting, the special counts aver, from the failure and refusal of defendant, also a corporation, to furnish lumber pursuant to a contract entered into between the parties to the action November 11, 1915. The errors assigned by counsel for defendant for reversing the judgment against his client are the denial of his motion to suppress the depositions of plaintiff's witnesses, Fravel and Valkwitch, taken at Buffalo, New York, October 11, 1918, nearly four months before the date the motion was made; rulings upon the admissibility of carbon copies of letters and telegrams as evidence of the contract and to show the basis of plaintiff's claim for damages, without sufficient notice of a demand upon defendant to produce the originals; and of proof to show the amount of expenses incurred by plaintiff in the inspection of the lumber contracted for but not delivered to plaintiff, and of the lumber purchased by it of other manufacturers, and additional transportation charges necessitated by defendant's breach of the contract; and upon the motion for a new trial.

The only order entered in the proceeding, except the filing of the bills of exceptions, shows, first, a motion to quash the process to answer and the return thereon; the ruling of the court holding the return insufficient; the amendment of the return over the objection of the defendant; a demurrer to the declaration, sustained; the amendment of the declaration and the filing of an additional count; the ruling upon the declaration and each count thereof as so amended; the

motion to suppress the depositions "on the ground that there was not proper notice of the time and place of taking the same and for other reasons appearing on said notice and the return thereof," including in the bill of exceptions the legal qualification of Leftwich, the person upon whom service of the notice was made; the overruling of such motion; the motion for a more particular statement of the bill of particulars and for a continuance; defendant's plea of non assumpsit; the impaneling and verdict of the jury; the motion for a new trial, overruled; and judgment on the verdict.

The first ground of error assigned is that, although the return of service of the notice to take depositions recites that the notice was executed "by delivering a copy thereof to F. C. Leftwich, attorney in fact to accept service of and for said Boone Timber Company," yet it fails to show by whom such person was appointed attorney in fact, or that he was appointed, if at all, pursuant to law, or in what county and state the notice was served. The statute governing the appointment of attorneys in fact is section 24, ch. 54, Code, which provides: "Every resident domestic corporation, unless otherwise specifically and expressly provided, shall, within thirty days after its first election of officers, by power of attorney duly executed, appoint some person residing in the county in this state wherein its business is conducted to accept service on behalf of said corporation, and upon whom service may be had of any process or notice; the said power of attorney shall be recorded in the office of the clerk of the county court of the county in which the attorney resides, and filed and recorded in the office of the secretary of state, and the admission to record of such power of attorney shall be deemed *evidence* of compliance with the requirements of *this* section; any corporation failing to comply with said requirements within twelve months from the date of its incorporation shall, by reason of such failure, forfeit its charter to the state,  *   *   "

Although the return may have failed to state facts showing the place of service and the residence and due appointment of the person upon whom it was had (*Frazier v. K. & M. Railway Co.,* 40 W. Va. 224), yet it might properly have been amended to show such facts (*Hopkins* v. *B. & O. Railway Co.,* 42 W. Va.

535; *Hooper* v. *Devaughn,* 43 W. Va. 447), and its deficiencies, if any, were fully supplied by the proof offered at the bar of the court upon the question of its sufficiency at the hearing of the motion to suppress, if such proof was admissible for that purpose. We are of opinion that it was. It is the fact of proper service and not the return showing the fact which gives to a court jurisdiction or depositions validity as legal evidence. Where the return is deficient in its averments, the better course is by amendment to make it speak the necessary facts; but the court also has the right to take evidence upon the fact of service for the purpose of sustaining it, and if found to be legal and proper, then to admit the depositions as evidence, regardless of the defective return. *Jones* v. *Gunn,* 149 Cal. 687; *Morrissey* v. *Gray,* 160 Cal. 390, 395-397; *Idem,* 162 Cal. 638; *Kipp* v. *Fullerton,* 4 Minn. 473; *Vigers* v. *Mooney,* 3 N. J. L. 909; 32 Cyc. 514. Before the court not only were all the facts requisite to warrant amendment of the return so as to make it speak truly and fully of the mode of service, but there was also present at the same time and place the person who served the notice. It seems to us beyond the limit of bearable technicality to suppress depositions for this cause in such circumstances. If amended under the direction of the court, as it might and should have been, the defect would have been cured and the objection based upon that ground removed.

The evidence of Hogsett who served the notice, not objected to, showed that Leftwich had been appointed attorney in fact to accept service for defendant at a time when he was living in Boone county; that for five years preceding this action he had resided in Cabell county, and that the notice was served upon him in the latter county; that the chief office of the defendant company is at Clothier, Boone county, wherein and in Logan county it transacts part of its business, but does no business in Cabell county. There was no proof showing that another attorney in fact had been appointed to represent the company in that capacity after the removal of Leftwich to Cabell county. The statute, it is true, requires the appointment of "some person residing in the county in this state where its (the corporation's) business is conducted, * * * upon whom service may be had of any process or notice." At the time of his appointment Left-

wich was a resident of such county and therefore properly appointed. Upon his removal therefrom it was incumbent upon the corporation to appoint, from among the residents of the county in which its business was conducted, another to act in his stead, and by its failure to do so, so far as the record discloses, it acquiesced in the continuance of the former appointee in that capacity, no matter into what county of the state he might move. The statute contemplates no hiatus or gap between appointments, and if the corporation desires to protect itself against the service of process or notice upon a distant attorney in fact, it should comply with the requirements of the statute and make a new appointment. Upon its failure to pursue that course it cannot be heard to complain that a plaintiff who desires to institute suit against it, but is unable to find any of its officers or a properly appointed representative residing in the county in which its business is conducted upon whom to serve process, adopts the only course remaining to it and has process served upon the person last designated as attorney in fact. Until his successor was appointed, Leftwich remained the representative of the Boone Timber Company, in a de facto, if not a de jure, capacity. The validity of the service of a legal notice cannot be disputed on the ground that the same was effected upon an officer de facto. Constantineau on the De Facto Doctrine, § 318. See also *Tomblin* v. *Peck,* 73 W. Va. 336; *Allen* v. *Linger,* 78 W. Va. 277. For these reasons the motion to suppress properly was overruled.

Were the carbon copies of the letters and telegrams comprising the correspondence between the parties relative to the matters constituting and arising out of the timber contract improperly admitted to the jury as evidence without notice for the production of the originals? Such demand plaintiff did make while the trial was proceeding, but defendant declined to comply therewith because of inability to obtain them on such short notice from its office some fifteen miles distant from the court house. Regarding the questions so raised the decisions are not harmonious, but the weight of authority sustains the admissibility of duly authenticated carbon copies of such papers, not as secondary, but as primary evidence of the facts they recite or contain, and that too without accounting for the non-

production of the originals or demanding their production, when the latter are in the adversary possession. *International Harvester Co.* v. *Elfstrom,* 101 *Minn.* 263, 11 Am. Cas. 107; *De Michele v. London etc. Fire Ins. Co.,* 40 Utah 312, Ann. Cas. 1914 D, 1076, and note; *Cole* v. *Ellwood Power Co.,* 216 Pa. St. 283; *Chesapeake etc., Ry. Co. v. Stock,* 104 Va. 97; *Virginia-Carolina Chemical Co.* v. *Knight,* 106 Va. 674; *Rudolph Wurlitzer Co.* v. *Dickinson,* 247 Ill. 27; *Pittsburgh etc. Ry. Co.* v. *Brown,* 178 Ind. 11; *Hay* v. *American Fire Clay Co.,* (Mo.) 162 S. W. 666. If identified as resulting from the same operation of the typewriter by the use of carbon sheets between paper properly adjusted, no impression can differ in substance or materiality and one is as much an original as another. Wherefore each of them is admissible where any one or more of them would be for the same purpose. As said in *Cole* v. *Ellwood Power Co., supra.* speaking of the carbon copy of an original made by the same impression: "As both were contemporary writings, the counterparts of each other, one of which was delivered and the other preserved, they may both be considered as originals, and the one which was preserved may be received in evidence without notice to produce the one which was delivered."

Not only did these letters and telegrams constitute the contract between the parties regarding the lumber, but also they comprised the entire correspondence relating to it, and bore on their face evidence of their relation to but one subject matter. Their immediate and uncontroverted relevancy to the entire transaction seems impossible of refutation. Indeed, so far as appears, there was but the one negotiation to which they could have referred, each party writing or wiring the other as indicated by the correspondence itself.

Of the admissibility of the evidence introduced, over defendant's objection, to show the expenses incurred by plaintiff on account of the inspection of lumber, which defendant contracted but refused to furnish plaintiff, and payment of freight, we likewise entertain no doubt. While the true standard for the measurement of damages for the breach of a contract for the sale and delivery of property readily obtainable on the open market is, as stated by Williston on Sales, § 599, "the difference between the contract price and the market price of such goods

at the time when and place where the contract is broken," and cases cited by the author, yet that standard is not always preclusive. Its application does not always put the buyer in as good a position as he would have been in had the breach not occurred. The plaintiff is not limited to the local market if none exists at the place where delivery was due, but may seek the nearest available source of supply to meet the exigencies of his demands. When that necessity exists, and he buys in a market remote from the place agreed upon for delivery of the property purchased and where the contract is repudiated or broken, the expense so unavoidably incurred in obtaining and transporting the property to the place fixed by the parties for delivery is to be added. Williston on Sales, § 599. And where, as here, the seller has agreed to pay the transportation charges on the shipment, it is proper to include in the damages allowed full transportation charges from the place of repurchase to the destination named in the contract. The expense of inspection, being a consequential or special element of damage, was properly added. Williston on Sales, § 614; 24 R. C. L. p. 75.

Defendant relies also for reversal upon the alleged requirement for an inspection to be conducted jointly by its own agents in conjunction with the agents of plaintiff, and to sustain its claim in that regard it cites the first letter written by its agent to plaintiff, a phrase of which says: "Final inspection to be made at the (defendant's) mill." It is defendant's contention that until an agreement was reached at such inspection no binding contract to deliver existed. The inspection may have been, and probably was, a condition precedent to the passing of title under the contract, but not to the existence of the contract, for that was fully closed by offer and acceptance. The term "final inspection" does not signify joint action. The qualifying words are not alike in meaning. They do not convey the same idea. If, however, such meaning may be attached to them, that right was not denied to defendant. It did not request or make known its desire for joint participation in inspecting the lumber, and such participation was not denied to it. After an examination of the lumber pointed out by defendant as being intended for the purpose of fulfilling the contract, plaintiff's inspector refused to accept it because, he says, it did not meet the specific require-

ments of the contract of sale. But he saw in the mill yard other similar lumber which, he said, did comply with its terms, but that lumber defendant denied him the right to have or take, and with that colloquium the matter then ended, but later was resumed by plaintiff with the same result, and this action followed. The good faith of plaintiff's inspector was presented in substance to the jury by defendant's instruction No. 3, and we see no reason to disturb its finding.

There is no substantial merit in the next and final assignment, namely, the refusal to grant a new trial. As there was some, though but little, conflict in the testimony, that conflict, we think, the jury rightly solved in plaintiff's favor.

Judgment affirmed.

*Affirmed.*