[Civil No. 1899.   Filed September 27, 1922.]

[209 Pac. 302.]

## OKLA A. NOONAN, Appellant, v. JOHN MONTGOMERY, Sheriff of Maricopa County, Arizona, and M. J. FIELDS, Appellees.

1. APPEAL AND ERROR — WHOLE RECORD OF PROCEEDING ATTACKING VALIDITY OF A JUDGMENT MUST BE CONSIDERED.—Where, in a collateral proceeding attacking the validity of a default judgment, not only the judgment-roll of the case in which the judgment was entered, as defined by Civil Code of 1913, paragraph 565, was introduced, but the entire record of the case, the whole record must be considered on appeal.

---

Conclusiveness of recital of service of process in judgment where record fails to show proper service, note, **Ann. Cas.** 1913B, 31.

Irregularities in service of process as affecting court's jurisdiction upon collateral attack, note, 1 **Ann. Cas.** 923.

2. JUDGMENT—FAILURE TO MAKE RETURN OF SERVICE BY PUBLICATION
   HELD NOT TO INVALIDATE JUDGMENT WHEN ATTACKED COLLATER-
   ALLY.—The failure of plaintiff or his attorney or the sheriff to
   make a return of service by publication as prescribed by Civil
   Code of 1913, paragraphs 453, 454, merely made the return de-
   fective, and did not invalidate a default judgment so as to be
   attacked collaterally.

3. JUDGMENT—FAILURE OF PLAINTIFF'S AFFIDAVIT FOR PUBLICATION OF
   SUMMONS TO STATE THAT DEFENDANT IS NONRESIDENT HELD NOT
   TO AVOID JUDGMENT WHEN COLLATERALLY ATTACKED.—That plain-
   tiff's affidavit failed to state that defendant is a nonresident or
   is absent from the state or is a transient, or that his residence is
   unknown, as required by Civil Code of 1913, paragraph 447, but
   merely stated that plaintiff has tried to locate defendant through
   the sheriff's office and by making inquiry from defendant's neigh-
   bors and by writing letters to his last-known address, did not
   render a default judgment void on collateral attack, where the
   court before judgment took testimony of plaintiff in accordance
   with paragraph 558, showing that defendant was a nonresident,
   and that service was duly made by publication.

4. JUDGMENT — PUBLICATION OF COPY OF SUMMONS HELD NOT TO
   RENDER JUDGMENT VOID ON COLLATERAL ATTACK.—That a copy of
   the summons was published, the original being on file and not
   withdrawn for service, did not render the default judgment void
   on collateral attack, where the substantial steps required by stat-
   ute to impart notice were taken; the omission being a mere defect
   not going to the notice.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Affirmed.

Messrs. Alexander & Christy, for Appellant.

Messrs. Kibbey, Bennett, Gust & Smith for Appellees.

FLANIGAN, J.—This is an action in *mandamus*, brought by appellant against appellee Montgomery, sheriff of Maricopa county, to compel the execution and delivery to appellant of sheriff's deed to certain real property of W. W. Bruner, sold under execution issued on a judgment obtained by appellant against Bruner in the superior court of Maricopa county,

which judgment was docketed in that court on May
25, 1918. From the return of the sheriff to the alter-
native writ and other pleadings in the case the fol-
lowing facts appear: Plaintiff's judgment was for the
sum of $135.80 and interest. Execution was issued
on this judgment May 20, 1919, and the property sold
thereunder, the certificate of sale issuing to plaintiff
as purchaser on June 18, 1919. On January 24, 1919,
one W. H. Criswell attached the same property in an
action brought in the same court, and on April 9, 1919,
obtained judgment against Bruner for the sum of
$1,550 and interest, with foreclosure of the attach-
ment lien. On May 3, 1919, execution was issued on
this judgment, and on May 27, 1919, the property was
sold thereunder to Criswell, and certificate of sale
made to him accordingly. On December 15, 1919,
Criswell assigned his interest in the certificate to
M. J. Fields, appellee herein, and on December 17,
1919, sheriff's deed was issued to Fields. Thereupon
Fields, claiming to be the successor in interest of
Bruner and as such entitled to redeem from the sale
to plaintiff (paragraph 1374, Civ. Code 1913), paid to
the sheriff (paragraph 1381, Id.) $192.50, being the
amount required for such purpose. The sheriff there-
upon tendered this money to plaintiff, but she refused
to accept it, and brought this action.

Upon the trial of the cause the appellees formally
offered in evidence only the "judgment-roll" in the
case of *Criswell* v. *Bruner,* but under this offer there
was actually received in evidence what would appear
to be the entire record of the case, being the com-
plaint, original summons with return, affidavit for
service of summons by publication, the entry of de-
fault for failure to answer, the judgment, the attach-
ment proceedings, a statement of the evidence taken
after the entry of default, approved and signed by
the judge in accordance with paragraph 558, Civil
Code of 1913, and other papers unnecessary to detail.

The testimony 'of F. H. Larsen, Criswell's attorney, was also taken. Judgment was entered, denying plaintiff the relief prayed for and dismissing the complaint, and the case is before us on the appeal from such judgment.

The questions for determination arise on appellant's denial of the right of the appellee Fields, who received the sheriff's deed upon the sale under the Criswell judgment, to redeem, within the six-month period allowed by paragraph 1375 of the Civil Code, from the sale made to appellant. The contention of appellees is that the sheriff's deed to Fields' under the Criswell judgment and execution issued thereon conferred upon Fields as Criswell's assignee the right to redeem said property as the successor in interest of the judgment debtor Bruner.

Under these facts it would seem that the right of Fields to redeem could be questioned only in the event that he was not the lawful successor in interest of Bruner in the property, a consequence following only upon the total invalidity of the Criswell judgment. Such, indeed, was the view taken by appellant in the court below, where, as shown by her pleadings, and objections to testimony, the judgment was attacked upon the ground that it was null and void because of lack of jurisdiction of the person of Bruner.

In deciding the questions made by this attack upon the judgment, we are to be understood as considering that the specific objections in support of that assertion question the sufficiency of the proceedings for failure to observe certain of the statutory requirements with respect to the notice to be given to a nonresident defendant in a proceeding essentially *in rem.* Notwithstanding general expressions therein about which no point is made, the judgment does not purport to bind the defendant Bruner in person, and under familiar principles it could not so bind him. The statement that the court had no jurisdiction of

the person of such defendant will therefore be taken as a merely convenient designation of the effect of the failure to observe the statutory requirements referred to, which, it is claimed, made the judgment unauthorized and void.

In the opening brief for appellant the theory upon which the case was presented to the court below is adhered to, the errors assigned being that the judgment is null and void, in that the court did not acquire jurisdiction of the person of Bruner to authorize it to render judgment against him, and, further, that the court erred in holding the affidavit of non-residence filed by Criswell's attorney, Larsen, to be sufficient, and in holding that a copy of the summons, after the return of the original summons to the clerk of the court with the sheriff's return, might be published in compliance with the statute as a valid step in the constructive service. In the reply brief, however, some argument is made and cases are cited for the purpose of showing that the attack upon the judgment is not limited to a challenge of the jurisdiction of the court and the consequent nullity of the judgment, but that the proceedings may be regarded as proper in which to avoid the judgment upon showing a merely erroneous exercise of jurisdiction rather than a total want of power. In view of the position taken by appellant in the lower court and in her opening brief in this court, we deem it unnecessary to do more than point out that the attack here is undoubtedly collateral and not direct, and, being such, the sole question for determination upon the record is whether the Criswell judgment was void for lack of jurisdiction. See *Bennett* v. *Wilson,* 133 Cal. 379, 85 Am. St. Rep. 207, 65 Pac. 880; 23 Cyc. 1068; Van Fleet on Collateral Attack, § 12, in which some of the cases cited by appellant are referred to and commented upon. Under these authorities there can be no question but that the attack upon the judgment in

this case must fail, unless the judgment is void, and it does not avail appellant to show that the judgment is erroneous, irregular or for other reasons liable to be reversed or vacated in a direct proceeding. The appellant is concerned only with the question of the right of Fields to redeem the property, and not with how he obtained the right, which he must necessarily have, unless the judgment upon which it is predicated is void.

Such being the nature of the attack, the question we shall next consider is what proceedings in the Criswell case may be inspected to determine the validity of the judgment rendered therein. It is contended by appellees that under the statute (paragraph 565, Id.) the judgment-roll in a case where the complaint is not answered is constituted only of the summons, with return of service, and the complaint, with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment, and that in a collateral proceeding the validity of the judgment is to be determined by an inspection of the judgment-roll alone. This statute was apparently adopted from California, and many decisions from that state are cited to support this contention. On the trial, however, there was received in evidence, not only the judgment-roll, but the entire record of the cause, and we have no doubt that, being thus introduced, this record is before us for all purposes, and must be considered in the determination of this appeal. *Thompson* v. *Thompson,* 91 Ala. 591, 11 L. R. A. 443, 8 South. 419.

The first assignment of error is that the judgment is void because the record does not disclose a return of service of summons by publication in the mode prescribed by paragraphs 453, 454, Civil Code of 1913. In order to present the basis of this and the remaining assignments of error other facts must be stated. It appears that Mr. Larsen, who as the attorney for

Criswell filed the suit against Bruner, received the original summons from the clerk, and took this summons, together with a copy thereof attached to a copy of the complaint, to the sheriff's office, and requested the latter to serve summons upon Bruner. The sheriff on January 30, 1919, made return on the original summons that after due and diligent search he had failed to find Bruner. On the same day Larsen filed an affidavit for publication of summons, containing the following language:

"F. H. Larsen, being first duly sworn, states that he is 21 years of age, and that he is the attorney for W. H. Criswell, plaintiff in the above entitled cause, and that he has tried to locate the defendant, W. W. Bruner, through the sheriff's office, and by making inquiry from neighbors of the said W. W. Bruner, to wit, Mr. Krieger, and Mr. Hough, and also by writing letters to the last known address of the said W. W. Bruner; that all inquiries failed to get any information as to the whereabouts of the defendant, W. W. Bruner. This affiant therefore states that the whereabouts of the said defendant, W. W. Bruner, is unknown at this time."

The summons was thereafter published for the statutory period and an affidavit showing such publication was made by the bookkeeper of the Gazette Printing Company, the publisher of the "Arizona Gazette." This affidavit, together with a copy of the original summons, was taken by Larsen to the clerk's office and at Larsen's request the clerk attached these papers to the original summons then on file.

Under these facts the point made for reversal is that the statute was not complied with, as no return of service was made by the sheriff or other officer serving the summons by publication, nor by the plaintiff or his attorney in like manner as though made by an officer, and that therefore the judgment based upon such return is null and void because the court did not acquire jurisdiction of the person of Bruner. Cases

are cited which hold that upon direct attack such an irregularity invalidates the judgment.

It is not denied that the summons was in fact published for the time required by law. The assumed lack of jurisdiction is therefore predicated solely upon the failure of the plaintiff or his attorney to make and file in person the affidavit showing the fact of publication as required by paragraph 454 of the Civil Code.

In *Crook* v. *Crook,* 19 Ariz. 448, 170 Pac. 280, upon a motion to amend the return of service of summons by publication, and proof made of an erroneous date in the affidavit, it was held that the court should have granted the motion to amend the affidavit of service *nunc pro tunc* as of the judgment date, and the case was considered as if such correction had been made, the court holding that "it is the fact of service, and not the return of service, that confers jurisdiction"— citing *Ranch* v. *Werley* (C. C.), 152 Fed. 509–515; *Herman* v. *Santee,* 103 Cal. 519, 42 Am. St. Rep. 145, 37 Pac. 509.

In *Lucky Boy Mining & Milling Co.* v. *Moore,* 23 Ariz. 291, 203 Pac. 557, the following language is quoted with approval:

"When service has in fact been made, so as to give the court jurisdiction, but the proof thereof is defective, or altogether lacking, the defect may be remedied or the proof supplied after judgment. It is the service, and not the proof thereof, that gives the court jurisdiction."

Both these decisions were made in proceedings which directly attacked the judgment, and, the fact of service being made to appear, the contention of invalidity was denied, without requiring actual amendment of the record. The attack in this case being collateral, for much stronger reason it must be held that the failure to comply with the statute merely made the return defective without invalidating the

judgment. In support of jurisdiction a showing of its existence in fact should be allowed. See, also, the following cases: *Scott* v. *Pleasants,* 21 Ark. 364; *Webster* v. *Daniel,* 47 Ark. 131, 14 S. W. 550; *In re Newman's Estate,* 75 Cal. 213, 7 Am. St. Rep. 146, 16 Pac. 887; *Jones* v. *Gunn,* 149 Cal. 687, 87 Pac. 577; *Spaulding & Co.* v. *Chapin,* 37 Cal. App. 573, 174 Pac. 334; *Morrissey* v. *Gray,* 160 Cal. 390, 117 Pac. 438; *Bunce* v. *Bunce,* 59 Iowa, 533, 13 N. W. 705; *Fanning* v. *Krapfl,* 68 Iowa, 244, 26 N. W. 133; *Harrison* v. *Beard,* 30 Kan. 532, 2 Pac. 632; *Kelly* v. *Harrison,* 69 Miss. 856, 12 South. 261; *Paulin* v. *Sparrow,* 91 Ohio St. 279, 110 N. E. 528; *Moore* v. *Perry,* 13 Tex. Civ. App. 204, 35 S. W. 838; *G. Elias & Bro.* v. *Boone Timber Co.,* 85 W. Va. 508, 102 S. E. 488; *White* v. *Hinton,* 3 Wyo. 753, 17 L. R. A. 66, 30 Pac. 953.

The language used in *Paulin* v. *Sparrow, supra,* is apt:

"The important question is not whether the return of service is defective, but rather, was the defendant in fact duly and legally served with process? So far as this defect in the return of the sheriff is concerned, the defendant is not now contending that she was not duly and legally served with summons. Her contention is that the original return does not fully show that fact. It is true that she disputes the facts stated in the return, but conceding for the present that the facts stated in the return are true and binding upon her, then the only question is, Will a defective return which does not affirmatively show upon its face that no service was in fact made upon defendant defeat the jurisdiction of a court over a defendant who was in fact legally served with process? If this defendant had come into court before judgment and moved to quash the service, and these further facts that are not stated in the return of the officer were admitted or proved, the court would have promptly overruled the motion to quash and ordered the return of the sheriff amended to speak the truth. If at any time after the rendition of this judgment, this plaintiff had made a direct attack upon it and it had been

admitted or made to appear by the evidence that she had been duly and legally served with summons, but that the return of the ,sheriff was defective, in that it did not show the facts authorizing the service of a copy of the summons to be made upon Mary J. Davidson, her petition would have been promptly dismissed. It would be a strange construction of the law that would permit a defendant to admit that he had been duly and legally served with summons and yet deny the jurisdiction of the court to render a valid judgment against him merely because the return of the officer serving the process is defective.''

We hold the assignment to be without merit.

The next contention is that Larsen's affidavit was insufficient to authorize the publication of summons, and therefore the judgment is void. It will be noted that the affidavit does not state, as required by the statute (paragraph 447, Id.) that the defendant is either a nonresident of the state, or is absent from the state, or is a transient person, or that his residence is unknown to the affiant, but merely that the plaintiff's attorney has tried to locate the defendant through the sheriff's office and by making inquiry from the neighbors of defendant and by writing letters to his last-known address; that all inquiries failed to get any information as to the whereabouts of the defendant, and affiant therefore states that the whereabouts of the defendant is unknown.

The appellant in support of her contention that the judgment is void and therefore subject to collateral attack cites the cases of *Young* v. *Young* (Tex. Civ. App.), 127 S. W. 898, *Barber* v. *Morris,* 37 Minn. 194, 5 Am. St. Rep. 836, 33 N. W. 559, *Brown* v. *St. Paul & N. P. Ry. Co.,* 38 Minn. 506, 38 N. W. 698, and *Gilmore* v. *Lampman,* 86 Minn. 493, 91 Am. St. Rep. 376, 90 N. W. 1113, holding that the filing of a sufficient affidavit is a preliminary step essential to a valid publication of summons, which, if omitted, invalidates the judgment. The contrary of this was held in *Tilton* v. *O'Shea,* 31

Wash. 513, 72 Pac. 106, in which the court decided that the failure to file such affidavit is but an irregularity which does not render the judgment void, and expressly disapproved of *Barber* v. *Morris, supra.* See, also, *Cason* v. *Cason,* 31 Miss. 578; *Banta* v. *Wood,* 32 Iowa, 469. Compare *Carrico* v. *Tarwater,* 103 Ind. 86, 2 N. E. 227; *Ward* v. *Lowndes,* 96 N. C. 367, 2 S. E. 591–597; *Shawhan* v. *Loffer,* 24 Iowa, 217, 226.

We are not called upon, however, to decide that question. As noted, the court before rendering judgment took the testimony of Mr. Larsen, which was later reduced to writing and filed as a statement of the evidence in accordance with the provisions of paragraph 558 of the Civil Code. This statement shows that the court investigated the facts required to be stated in the affidavit, and the testimony given may fairly be said to have justified the court against impeachment even for error in finding that the defendant, Bruner, was a nonresident of the state, and that his actual residence was not known. Furthermore, the judgment contains the recital that "the plaintiff introduced evidence to show that service had been duly made on the defendant by publication." It is therefore manifest that the court specially considered and decided the existence of the facts required to be shown by the affidavit. As the record sufficiently shows that the court had jurisdiction in fact, the judgment must be held good against the objection. *Crook* v. *Crook,* and *Lucky Boy M. & M. Co.* v. *Moore, supra.*

It is next urged that the publication of the copy of the summons, the original summons being on file and not withdrawn for service, could not confer jurisdiction. We see no merit in this contention. In *Hancock* v. *Preuss,* 40 Cal. 572, it was held that in a collateral attack upon a judgment it would be presumed that the court made the requisite order permitting the summons to be withdrawn for further service.

Assuming that the testimony of Larsen, when considered with the record, rebuts that presumption, the case cited is authority also for the rule, which we think is a sound one, that the redelivery of the summons without such an order would be a mere irregularity which would not render the service void. It does not appear how the defendant, Bruner, could have been prejudiced in the slightest degree by the failure to withdraw the summons for service where the substantial steps required by statute to impart notice were taken. The omission was a mere defect, not going to the substance of the statutory requirements concerning notice, and does not render the judgment void. See, generally, *Webster* v. *Daniel, supra; Hume* v. *Conduitt,* 76 Ind. 598–601; *Gandy* v. *Jolly,* 35 Neb. 711–713, 37 Am. St. Rep. 460–462, 53 N. W. 658–660; *Shawhan* v. *Loffer, supra; Moore* v. *Perry, supra; Cole* v. *Butler,* 43 Me. 401; *Hendrick* v. *Whitmore,* 105 Mass. 23; *Bunce* v. *Bunce, supra; Kelly* v. *Harrison,* 69 Miss. 856, 12 South. 261; *Harpold* v. *Doyle,* 16 Idaho, 671, 102 Pac. 158.

The judgment is affirmed.

ROSS, C. J., and McALISTER, J., concur.