(58 App. Div. 453.)

### HAMMOND v. NATIONAL LIFE ASS'N et al.

(Supreme Court, Appellate Division, First Department. March 22, 1901.)

1. FOREIGN CORPORATIONS—DISSOLUTION—ANCILLARY RECEIVERS.

An ancillary receiver of a foreign corporation, appointed after attachment by domestic creditors, and after dissolution of the corporation in the state of its domicile, is in no position to contend that the corporation had ceased to exist at the time of the levy, and hence that no action could be maintained against it in this state, since, if no action would lie against it, the court had no authority to appoint him ancillary receiver. and he has no title to the property of the corporation in this state.

2. SAME—JURISDICTION OF DOMESTIC COURTS TO PROTECT DOMESTIC CREDITORS.

A judgment of a foreign state dissolving a corporation domiciled there does not at once operate to dissolve the corporation, so far as the jurisdiction of the court of another state is concerned; but until the judgment of dissolution is brought to the attention of the courts of that state, and steps taken to enforce it there, the status of the corporation is not changed there, nor the remedies of creditors of that state taken away.

Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by J. D. Hammond, as administrator, against the National Life Association. From an order denying a motion of Frederick A. Betts, as receiver of defendant, to vacate and set aside a writ of attachment entered against it by default (65 N. Y. Supp. 407), he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles G. Bennett, for appellant.
J. Culbert Palmer, for respondent.

RUMSEY, J. The defendant is a Connecticut corporation author-ized to do business in this state under the laws thereof, and which had issued to the plaintiff's intestate a policy of insurance, upon which this action was brought on the 15th day of July, 1899. On the 7th of July, 1899, in an action pending in the superior court for the county of Hartford, in the state of Connecticut, against the Na-tional Life Association, Frederick A. Betts was appointed receiver, and a judgment was entered dissolving the corporation. On the 28th of July, 1899, an action was begun in this state by one Albert Free-man against the National Life Association for the purpose of pro-curing the appointment of an ancillary receiver to take possession of the assets of the association in this state and to administer them. In that action Betts was appointed ancillary receiver, and he there-upon made this motion in this action to vacate the writ of attach-ment and the judgment which had been obtained by default, basing his right to do so upon the fact that he represented the dissolved cor-poration as receiver. The motion was denied, and from the order denying it this appeal is taken.

It is claimed by the appellant here that, as the Connecticut corpo-ration was dissolved by the judgment of a court of competent juris-diction in that state before this action was brought, no action can be maintained against it, and for that reason the court here was without jurisdiction either to issue the writ of attachment or to enter a judgment in that action. When the order of the Connecticut court was made, it operated to transfer to the receiver therein ap-pointed all the assets of the association in that state; but such an order has never yet been construed in the courts of this state to take away the title of the corporation to its assets here, so far as to deprive the courts of this state of the right to control these assets for the benefit of domestic creditors. Barth v. Backus, 140 N. Y. 230, 35 N. E. 425, 23 L. R. A. 47; Mabon v. Electric Co., 156 N. Y. 196, 50 N. E. 805. So far as these assets are concerned, it has been the policy of this state to retain the control of them for the benefit of our own creditors; and where a creditor has, by legal process valid in this state, acquired a lien upon those assets, that lien has been sustained. The general principle of law is not disputed. Nor can it be disputed that so far as the title of Betts, as receiver, depends upon his appointment by the Connecticut court, that appointment by itself carries with it no force to deprive domestic creditors of their right to pursue the assets in this state as though no receiver had been appointed. Bank v. Lacombe, 84 N. Y. 367; Gluck & B. Rec. p. 34, and note, § 52. The appellant can claim, therefore, only under the order appointing him ancillary receiver in this state. His claim is that, as the corporation had been dissolved in the state of Con-necticut, it ceased to exist, so that no action could be brought against it in this state after the entry of the decree of dissolution in Connec-ticut, and therefore the plaintiff's proceedings against the defunct corporation are coram non judice and void. But that question can only be raised by some person in this state who occupies a position which would entitle him to claim the assets, and to complain that because of the judgment and the attachment his rights have been

interfered with. It appears by the record that the action in which the appellant was appointed an ancillary receiver was begun on the 28th of July, 1899, and that the sole defendant was the National Life Association. All the appellant's rights then come into existence by virtue of his appointment as receiver in an action which was begun after the corporation had been dissolved by the Connecticut decree. If the corporation was dead on the 7th of July, 1899, so that no action could be brought against it in this state by a creditor on the 15th of July, 1899, it is difficult to see why it was not also dead on the 28th of July, and how the court had any more jurisdiction to appoint an ancillary receiver of the corporation in one action than to issue a warrant of attachment in another. For this reason the appellant is not aggrieved by the denial of his motion, because he has shown no title to the property of the corporation in this state, and therefore he has no right to ask for the reversal of this judgment.

We are not satisfied that the effect of this judgment of the Connecticut court was to finally and conclusively kill the corporation, so far as our jurisdiction is concerned, or to take away the remedies of creditors in this state. The company had obtained the right to do business in this state; it had deposited a sum of money, as required by the laws of this state, with the superintendent of the insurance department; and it appears that it had assets in this state which were subject to levy, and which had been levied upon in the plaintiff's action; and it further appears that it was engaged in business up to the time when the court undertook to appoint the ancillary receiver. Certainly, whatever may be the legal fiction as to the existence of the corporation after the entry of the Connecticut decree, it is quite clear that that judgment did not at that instant operate to deprive the corporation of its property in this state, or to vest it in any other person, as against a creditor here. Not only the property rights of the defendant, but those of its creditors, necessarily required that the corporation should not be dissolved in this state until some one was put in its place who could protect the rights of the corporation, and against whom proceedings might be taken. Interstate comity does not require us to hold that the necessary effect of the Connecticut decree was absolutely and at once to put an end to the rights of the corporation in this state until that decree had been presented to the courts of this state, and some judgment had been entered upon it under such circumstances as to give some one here the right to enforce it. If we should hold that the corporation is dead in this state the moment the decree is entered in Connecticut, it results that there is no one in this state who could sue in the name of the corporation, or against whom an action can be brought; and so the consequence would be that, although the corporation might have by far the larger portion of its assets in this state, the courts would be powerless to protect those assets for our own creditors. There is no rule of law requiring such an effect to be given to the judgment of a foreign state. When the judgment of dissolution has been brought to the attention of our courts, and steps are taken to enforce it here, all that we are required to do is to give it the same force and effect that it would have in the foreign state. But until

that time the status of the corporation is not changed in this state,. and the remedies of our own citizens are not taken away. It was said by Judge Finch in the case of Rodgers v. Insurance Co., 148. N. Y. 34–38, 42 N. E. 515:

"That the foreign corporation, dissolved and dead in the domicile of its origin, should be deemed alive in the foreign state, so far as to save the remedies of its own citizens against property within its own jurisdiction, is entirely possible, and not at all unreasonable."

We might go further, and say that to consider a foreign corporation dissolved and dead in the domicile of its origin so far alive in this state as to permit an action to be brought against it is exceedingly reasonable, and quite within the rules of good sense, and not forbidden by any rule of positive law.

For this reason, also, we think that the order of the court below was correct, and should be affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ., concur. INGRAHAM, J., dissents.

INGRAHAM, J. I dissent. The defendant was a corporation organized under the laws of the state of Connecticut. The summons in this action was served upon the superintendent of insurance on the 15th of July, 1899, and the warrant of attachment was granted on the 29th of July, 1899. Prior to the commencement of this action, and on July 7, 1899, a decree was entered in an action pending in the superior court of Hartford, Conn., upon the appearance of the defendant, whereby it was decreed that the said defendant corporation be dissolved, and a receiver of all the property of the corporation was duly appointed. We have thus the decree of a court of general jurisdiction of a sister state, entered upon notice to and the appearance of a corporation duly incorporated by the laws of that state, by which such corporation is dissolved. The plaintiff attacks this decree as having been improperly made and not in compliance with the statutes of the state of Connecticut; but this court cannot review the action of a court of general jurisdiction dissolving a corporation, when the court entering the decree of dissolution had jurisdiction of the subject-matter and of the person of the defendant corporation which was dissolved. This judgment of the superior court of the state of Connecticut stands unreversed and in full force and effect, and we are bound to give to it full faith and credit. The provisions of the statute of the state of Connecticut before the special term show that the superior court of the state of Connecticut had jurisdiction to dissolve corporations organized under the laws of that state, and, being a court of general jurisdiction, and having jurisdiction over the person of the parties to the action, it seems to follow that such a decree could not be attacked collaterally. I think, therefore, we are bound to assume that the decree of the superior court of the state of Connecticut was a valid decree, and that by it the Connecticut corporation became dissolved; and, that being so, it would seem to follow that no action could be brought against this dissolved corpo-

ration, and that the attachment and judgment entered in such an .action was a nullity.    Sturges v. Vanderbilt, 73 N. Y. 384;  Rodgers v. Insurance Co., 148 N. Y. 34, 42 N. E. 515.

The receiver appointed by the decree of the Connecticut court was vested with the title to all of the property of the corporation in this ·state.    As such receiver he "can reduce to possession all the property of the defendant in this state, and can bring replevin for that purpose, or trover to recover damages for conversion.    Notes and accounts may be collected by the usual proceedings in our courts, which regard a foreign receiver as representing the original owner, and ·open their doors to him as they do to a domestic receiver.    Every remedy to gather in the assets is afforded, unless it would interfere with the policy of the state or impair the rights of its own citizens." Mabon v. Electric Co., 156 N. Y. 201, 50 N. E. 805.    The doubt entertained by the learned judge below that, "even though the defendant may have been dissolved, a suit may still be maintained against it in this state by a domestic creditor seeking to secure the payment ·of his debt out of a corporate property in this state," certainly seems to me without justification.    There can be no doubt but that a ·domestic creditor would have the right to apply to the courts of this state to secure the payment of his debts out of the property of such .a corporation;  but such a proceeding would be in the nature of an .action in equity for the appointment of a receiver, and not by an action against the dissolved corporation, which by its dissolution has ceased to exist.    A dissolved corporation can no more be sued ·than can a dead person.    An action commenced against it is ineffectual for any purpose, as there is no defendant.    Any attachment issued in such an action is a nullity, and the property of the corporation, having become vested in the receiver appointed by the Connecticut judgment, was not subject to levy under an attachment in an action .against the dissolved corporation, if such an action could be maintained.    I think that the levy should have been vacated.