[Civil No. 4124.   Filed February 12, 1940.]

[99 Pac. (2d) 81.]

H. B. HERSHEY, Liquidating Receiver for MISSIS-SIPPI VALLEY LIFE INSURANCE COMPANY, Appellant, v. E. H. BANTA, M. J. DOUGHERTY, ALLAN D. SANFORD, A. O. PELSUE, and REPUBLIC LIFE INSURANCE COMPANY OF DALLAS, TEXAS, a Corporation, Appellees.

Messrs. Townsend, Jenckes & Wildman, of Phoenix, Arizona, and Mr. J. D. Smith and Mr. Fred C. Knollenberg, of El Paso, Texas, for Appellants.

Messrs. Silverthorne & Silverthorne, for Appellees.

LOCKWOOD, J.—H. B. Hershey, as liquidating receiver for the Mississippi Valley Life Insurance Company, hereinafter called plaintiff, brought suit in the

superior court of Maricopa county, in action No. 45161–5, against E. H. Banta, M. J. Dougherty, Allan D. Sanford, A. O. Pelsue, and Republic Life Insurance Company of Dallas, Texas, a corporation, hereinafter called defendants, to set aside a judgment rendered in case No. 37332 in the same court, entitled *M. J. Dougherty* v. *Mississippi Valley Life Insurance Company.* At the same time he filed another action, being No. 45160–5, against the Republic Life Insurance Company, E. H. Banta, A. O. Pelsue, J. G. Vaughan, Norman W. Freestone, Dora Freestone, Albert Freestone and W. G. Proctor, seeking to quiet the title of plaintiff to certain lands situate in Maricopa county, Arizona.

Demurrers to the complaints in each case were filed. On April 22, 1938, upon motion of defendants, the two suits thus brought were, over the objection of plaintiff, ordered consolidated, under the provisions of section 3804, Revised Code of 1928, which reads as follows:

*"Consolidation of actions; consolidation for trial.* Whenever several actions are pending in the same court by the same plaintiff against the same defendant for causes of action which may be joined, or where several actions are pending in the same court by the same plaintiff against several defendants which may be joined, the court may in its discretion, order such action to be consolidated. Whenever several actions are pending by different plaintiffs against the same defendant, or by the same plaintiff against different defendants, arising out of the same transaction, the court may, in its discretion, order that any two or more of such actions be tried at the same time and before the same jury, and that separate verdicts be rendered and separate judgments be entered thereon."

The cases were then argued as consolidated, and the general demurrers to the complaints were finally .sustained. Plaintiff failing to amend, judgment was rendered in favor of defendants, dismissing the ac-

tions, whereupon appeals were taken in each of the cases to this court.

The facts necessary for a determination of both appeals may be stated as follows: On June 11, 1932, M. J. Dougherty filed suit No. 37332, *supra,* against the Mississippi Valley Life Insurance Company, hereinafter called the company, on a claim alleged to be due him (a) as personal attorney's fees in the sum of $1,072.16, (b) on an assigned claim of James A. Walsh for $541.20, and (c) on an assigned claim of George H. Moore and William M. Fitch for $1,100. Application was made for the appointment of a receiver of the company to take charge of certain real estate belonging to it and situate in Maricopa county, the application setting up that the company was insolvent; that its property outside of Arizona was in the hands of receivers appointed in other states, and that the real estate above referred to was the only property to which its creditors in Arizona might look for satisfaction of their judgments. A citation was issued to the company, requiring it to appear on June 20, 1932, to show cause why a receiver should not be appointed, and it was ordered that service of the complaint, the affidavit in support thereof, the motion for a receiver, and the order to show cause, be served by registered mail. On June 27th an order was made reciting as follows:

"The court having heretofore upon the verified complaint and affidavit of the plaintiff, made and issued an order requiring the above named defendant to appear and show cause before this court in the City of Phoenix, County of Maricopa, State of Arizona, at 9:30 o'clock, A. M., on the 20th day of June, 1932, and the said defendant, appearing herein by Kibbey, Bennett, Gust, Smith and Rosenfeld, as attorneys for Alvin S. Keys, the duly appointed receiver for said defendant, having applied for and having been granted a continuance until 9:30 A. M. on this date, and the

plaintiff appearing in person and by his attorney, James A. Walsh, and the defendant appearing by its attorneys, Kibbey, Bennett, Gust, Smith and Rosenfeld, as attorneys for Alvin S. Keys, the duly appointed receiver for said defendant, this matter came on regularly for hearing upon said verified complaint, said plaintiff's affidavit and the representation and statements of the parties and said attorneys; and it appearing to the court that due and proper notice of the time and place of this hearing has been in due and proper time served upon said defendant and that said defendant is represented by its attorneys, . . . ''

The order further recited that the circuit court of Madison county, Illinois, had previously entered an order providing for the liquidation of the company, and appointing a receiver to take charge of its business, and that it was necessary that a receiver be appointed in Arizona for the property of the company within this state, and ordered as follows:

"That A. O. Pelsue, a resident and citizen of the State of Arizona, be and he is hereby appointed receiver of the above named defendant Mississippi Valley Life Insurance Company; . . .

"It is further ordered, adjudged and decreed that the said A. O. Pelsue, as receiver aforesaid, take immediate possession and charge of all property of the said Mississippi Valley Life Insurance Company, real, personal and mixed of whatsoever kind and description, within the State of Arizona, and to manage, operate, conduct and control said assets subject to the orders of this court.''

The receiver duly qualified and took possession of the real estate. On August 22, 1932, judgment was rendered in favor of Dougherty against the company. This judgment recited as follows:

" . . . the plaintiff appearing in person and by his attorney, James A. Walsh and the defendant, heretofore served by registered mail with a copy of the Summons issued in this cause to which was attached a true and correct copy of the Complaint on file herein,

and the said defendant and its Receivers, Alvin S. Keys, Joseph B. Thompson and William E. Caulfield by their attorney, Fred W. Rosenfeld, having appeared herein generally but having failed to file their answers in this cause within the time allowed by law or at all and the default of the said defendant and its Receivers having been duly entered according to law, and a jury having been expressly waived, the cause was tried to the Court without a jury.

"Whereupon witnesses were duly sworn and examined and documentary evidence introduced and the evidence being closed, the cause was submitted to the court for consideration and decision and from the evidence given in support of plaintiff's complaint and the record herein, the court finds:

"1. That the defendant was regularly served with process in this cause by registered mail and that said defendant and its receivers appeared generally in this cause but failed to file their answers herein jointly or severally or at all within the time required by law, and that the default of said defendant and its receivers has been duly entered according to law."

—and judgment was rendered accordingly for the amount prayed for. On the same day, E. H. Banta filed in the superior court a petition for leave to file a suit to quiet title against Pelsue, the receiver appointed by the court, which petition was granted, and immediately suit No. 37799 B–1 was filed by Banta against Pelsue as receiver, seeking to quiet title to the N½ of the NE¼ and the SE¼ of section 19, Township 1 North, Range 6 East, G. & S. R. Base and Meridian. The receiver answered, admitting that he claimed title as such receiver to the property above mentioned, but making no further defense. The case was then heard by the court, witnesses being sworn and documentary evidence introduced, and voluminous findings were made tracing the title of the land in question from the company to plaintiff, and rendering judgment quieting the title to the premises in fee simple in plaintiff Banta. All these proceedings were on

August 22, 1932. Dougherty much later acknowledged satisfaction of his judgment, which was duly filed March 27, 1937.

■■ It is the position of the defendants that the real purpose of the present suit and its companion No. 45160–5 together is to attack the judgment of the superior court of Maricopa county in suit No. 37799 B–1, quieting the title to certain real estate in E. H. Banta, and that the reason two cases were filed instead of one is because, in order to attack successfully the judgment in the suit last named, it is necessary to establish that the court did not therein have jurisdiction of the person of the company; that in order to prove lack of such jurisdiction it must be shown that A. O. Pelsue was not legally appointed in suit No. 37332 as receiver in Arizona for the company, and that if the suits Nos. 45160–5 and 45161–5 had been brought as one, it would have been evident that under the opinion of this court in *Dockery* v. *Central Arizona Light & Power Co.*, 45 Ariz. 434, 45 Pac. (2d) 656, it would constitute a collateral attack upon a judgment, and the suit could not be maintained unless it appeared affirmatively on the face of the record in suit No. 37332 that the court was without jurisdiction of the person of the parties. It was obviously on this theory that the trial court consolidated the actions for the purpose of trial, under the rule laid down by us in *Stewart* v. *Phoenix Nat. Bank*, 49 Ariz. 34, 64 Pac. (2d) 101, to the effect that a court could, and should, take judicial notice of proceedings in certain other cases in the same court for the purpose of passing on demurrers to a complaint, without the necessity of the record of such previous suits being offered in evidence. Since all of the suits above referred to were in the superior court of Maricopa county, and since it clearly appears that they were all a part of the same transaction, the trial court properly con-

solidated the actions brought by the plaintiff herein, and in determining the sufficiency of the complaint considered all of the matters shown by the record in the other suits mentioned. It therefore appears that the two actions brought by plaintiff were, in effect, one action attempting to set aside the judgment of the superior court of Maricopa county in case No. 37332, in order that the plaintiff might attack a judgment rendered in another and distinct action, and obtain affirmative relief as a result of such attack.

■■ We have held in the cases of *Schuster* v. *Schuster,* 51 Ariz. 1, 73 Pac. (2d) 1345, and *Henderson* v. *Towle,* 23 Ariz. 377, 203 Pac. 1085, that if the sole purpose of an action is to impeach a former judgment, it is a direct attack, but if the vacating and setting aside of a former judgment is merely incidental, and the primary purpose is to obtain independent relief after the former judgment is set aside, it is a collateral attack. The consolidated actions clearly constitute a collateral attack upon the judgment in the Dougherty case, and since if the judgment in that case stands it necessarily follows that the judgment in case No. 37799 B–1, of Banta against Pelsue as receiver of the company and quieting title to the premises involved in the present action is *res adjudicata,* as to the vital issue in the consolidated actions, unless the complaints in the latter set up valid grounds for a collateral attack upon the judgment in the Dougherty case, the court properly sustained the demurrers.

■ We have determined the valid grounds for a collateral attack on a judgment in many cases, and have reviewed and summed up our conclusions in the case of *Dockery* v. *Central Arizona Light & Power Co., supra,* in the following language [45 Ariz. 434, 45 Pac. (2d) 662]:

" . . . The law of Arizona is, and for long has been, that a judgment may not be attacked collaterally even

for fraud *unless it is void upon its face."* (Italics ours.)

■ In the case of *Brecht* v. *Hammons,* 35 Ariz. 383, 278 Pac. 381, 382, we have shown what makes a judgment void upon its face, in the following language:

" . . . Three things must concur or a judgment is void upon its face, and may be attacked at any time. The court must have (a) jurisdiction of the subject-matter of the case, (b) jurisdiction of the persons involved in the litigation, and (c) jurisdiction to render the particular judgment given. If these three matters concur, even though the judgment be erroneous or wrong, so that it could be reversed on appeal or set aside on direct attack, it is not void as against collateral attack. . . . "

■ The question then is whether the record in the Dougherty case shows the requisite jurisdiction upon its face. There can be no contention that it did not have jurisdiction of the subject matter, for the superior court of Maricopa county under our Constitution has jurisdiction over actions of debt involving the amount set up in the complaint in the Dougherty case and of applications for corporate receiverships. The attack of plaintiff on the jurisdiction necessarily goes to the persons involved in the litigation and is based upon his claim that the record shows the appointment of Pelsue as receiver for the company was made without jurisdiction. It appears affirmatively from the record that an application was made for the appointment of a receiver, alleging that the company was insolvent, that its property outside of Arizona was already in the hands of receivers, that it owned certain real estate in Arizona, and that it was indebted to various persons in Arizona, and that this property was the only property to which its creditors in Arizona could look. Certainly, if these facts were true, the superior court of Maricopa county would have

jurisdiction to appoint a receiver. Sec. 3881, Rev. Code 1928. But, of course, no receiver could be appointed unless the company was properly brought into court on the application. The record shows that a copy of the complaint, the application for receiver, and the order to show cause were served by registered mail, addressed to the company. It is true that the affidavit of service was not filed until some time after the appointment of the receiver, but we have held that the test of jurisdiction is not the time when proof of service was made, but whether service was, as a matter of fact, properly made. *Noonan* v. *Montgomery,* 24 Ariz. 311, 209 Pac. 302, 25 A. L. R. 1251. The record shows further that Alvin S. Keys, as receiver for the company in Illinois, appeared on June 20th, by his attorneys, and asked for a continuance of the hearing on the application for a receiver for a week, and also appeared in the same manner on the day on which the receiver was actually appointed. This is a general appearance. Sec. 3769, Rev. Code 1928; 4 C. J., p. 1327. We have said in the case of *Gila Valley Elec. etc. Co.* v. *Arizona Trust & Sav. Bank,* 25 Ariz. 177, 215 Pac. 159, 160:

"The appellant appears by attorneys who are members of this bar. As officers of this court, they are clothed with the presumption of authority to represent their client. . . . "

The complaint herein affirmatively shows that on the day when Pelsue was appointed as receiver for Arizona, Alvin S. Keys was the receiver regularly appointed under the laws of the state of Illinois, and that plaintiff is the successor of the said Keys.

Nor do we think plaintiff's contentions that once the company had already been declared insolvent, no suit could be maintained against it, is correct. 14–A C. J. 985, sec. 3226; Smith-Hurd's Ill. Stats., 1930, vol. 2, p. 1663, Smith-Hurd Stats. Ill., chap. 32, sec. 157.94,

note; sec. 594, Rev. Code 1928; *Hammond* v. *National Life Assn.,* 58 App. Div. 453, 69 N. Y. Supp. 585.

We think this shows affirmatively that the superior court of Maricopa county actually had jurisdiction in the Dougherty case of the person of the company, and, therefore, jurisdiction to appoint Pelsue as receiver of the company in Arizona.

There are many other matters presented by the briefs, but we think that while the points suggested by them would require consideration on a direct appeal from the judgments in cases Nos. 37332 and 37799 B–1, they are immaterial in the present case when the sole question is the requisites of a collateral attack upon a judgment.

Since the appointment of a receiver in the Dougherty case was made with jurisdiction, the judgment therein is not open to collateral attack. If that judgment must stand, the receiver necessarily was authorized to appear as he did in the Banta case, and it follows the record shows in that case the court had jurisdiction of the person of the parties and the subject matter of the proceeding, and to render the judgment which it did render. The decree quieting title in Banta to the property involved in the present action was, therefore, *res adjudicata,* and not subject to attack in the present proceedings, and the trial court rightfully sustained the general demurrers to both complaints in the consolidated action, and rendered judgment in favor of the defendants.

Judgment affirmed.

ROSS, C. J., and McALISTER, J., concur.