415 P.2d 902

John VISCO and Arizona Mill Supply, Inc., a corporation, Appellants,

v.

FIRST NATIONAL BANK OF ARIZONA, the duly qualified and acting Executor of the Estate of Anthony J. Pasqualetti, Deceased, et al., Appellees.

No. 1 CA–CIV 195.

Court of Appeals of Arizona.

June 24, 1966.

Rehearing Denied Aug. 4, 1966.
Review Denied Sept. 27, 1966.

Otto H. Linsenmeyer, R. G. Langmade, Phoenix, for appellants.

Allen & Fels, by Robert H. Allen, Phoenix, for appellees Amos Pasqualetti and First Nat. Bank of Arizona.

Fennemore, Craig, Allen & McClennen, by Calvin H. Udall, Phoenix, for appellee Arizona Service Co.

Evans, Kitchel & Jenckes, by Joseph S. Jenckes, Jr., Phoenix, for appellees Calvin H. Udall and Henry W. Allen.

Darrell F. Smith, Atty. Gen., by Philip M. Haggerty, Asst. Atty. Gen., for appellee State of Arizona.

Jack C. Cavness, Phoenix, for appellee George Senner.

Cox & Cox, by L. J. Cox, Jr., Phoenix, for appellee E. T. Williams.

Stockton & Hing, by Henderson Stockton, Phoenix, for appellee Jack Buzard.

Snell & Wilmer, by Mark Wilmer, Phoenix, for appellee Fidelity & Deposit Co. of Maryland.

Pickrell, Hunter, Bartlett & Penn, by Robert W. Pickrell, Phoenix, for appellee Robert W. Pickrell.

Johnson, Walton & Mills, by Joe F. Walton, Phoenix, for appellee B. Pasqualetti.

Minne & Sorenson, by Richard Minne, Phoenix, for appellee Garbage Service Co.

JOHN P. COLLINS, Superior Court Judge.

This is an appeal from (1) the orders of the Superior Court, dated January 26, 1965, and March 12, 1965, directing the dismissal of the complaint and granting motions for summary judgment as to all defendants, (2) from an order granting appellee Calvin H. Udall's motion to strike, (3) from the judgment entered on March 12, 1965, and (4) from the order of April 8, 1965, allowing costs for copies of depositions totaling $463.00.

Appellants' First Supplemental Amended Complaint, filed on July 2, 1964, alleged, in three counts, that appellees conspired to and did maliciously prosecute various civil proceedings against appellants without probable cause, and that some of said actions amounted to an abuse of legal process, all to the appellants' damages.

In granting appellees' motion for summary judgment and to dismiss, the trial court found "that probable cause did in fact and in law exist as to the prosecution of the civil causes complained of in plaintiffs' complaint, both before the Corporation Commission and in the Superior Court of Maricopa County", and further found "that by reason of the presence of 'probable cause', it is unnecessary to make any finding as to conspiracy among the parties defendant."

Although litigation between appellants and certain of the appellees have recurred from time to time over the past ten years or so, the complaint charges malicious prosecution, conspiracy, and abuse of process only as to those civil proceedings commenced by certain of the appellees since April 26, 1960, the date that Judge Porter Murry, in Cause No. 106969, Maricopa Superior Court, signed a judgment declaring that appellants' business operations as of Febru-

ary 26, 1959, were that of a private carrier, and, therefore, not subject to the jurisdiction of the Corporation Commission. The case in which Judge Murry ruled was a trial de novo on appeal from the Corporation Commission.

A chronology of the subsequent proceedings complained of by appellants is as follows:

(1) On June 14, 1960, certain of the appellees filed a complaint, being Cause No. MC–C–94, with the Corporation Commission, alleging that appellants had acted as a common carrier for six months prior to the date of the complaint. An order to show cause issued out of the Corporation Commission on the date of the complaint, returnable June 21, 1960. On June 20, 1960, the day before the scheduled hearing on the order to show cause before the Corporation Commission, Judge Lee Garrett issued an alternative Writ of Prohibition against the Corporation Commission relating to said complaint and said scheduled hearing, on the petition of appellants, in Cause No. 106969. Thereafter, and on August 17, 1960, Judge Garrett apparently ordered the Writ made permanent against the Corporation Commission. On August 25, 1960, and before the permanent Writ was signed, certain other of the appellees filed a new complaint with the Corporation Commission, in the same said Cause No. MC–C–94, alleging that appellants had acted as a common carrier for the thirty days prior to the filing of the complaint. An order to show cause issued on the day of filing said complaint, returnable September 12, 1960. On September 9, 1960, Judge Lee Garrett made the Writ of Prohibition permanent as to the Corporation Commission, relating to both complaints on file, and without taking any evidence in the matter. An offer of proof was made by appellees in justification of their two complaints, but the same was rejected by Judge Garrett. Neither of said complaints has ever been decided on its merits. Appellees appealed Judge

Garrett's order on November 9, 1960, (Supreme Court Cause No. 7227), but said appeal was eventually dismissed on February 5, 1965, by the Supreme Court, as being moot (ARIZONA SERVICE CO. vs VISCO, 95 Ariz. 246, 389 Pac.2d 122 [1964]), by reason of that Court's prior decision on December 26, 1963, in VISCO vs STATE, 95 Ariz. 154, 388 Pac.2d 155 (1963).

(2) On November 10, 1960, the day after appellees took the appeal from Judge Garrett's ruling, certain of the appellees filed separate actions in Maricopa Superior Court (Cause Nos. 121013 and 121014) in their own names, seeking injunctive relief against the appellants, alleging that appellants were again acting as common or contract carriers. Temporary restraining orders issued on the date of filing, but specifically exempting therefrom appellants' private carrier salvage operations. Hearing was held thereon on November 22, 1960, before Judge Warren L. McCarthy, and on January 3, 1961, Judge McCarthy entered an order dissolving the temporary restraining orders, and forfeiting the bonds posted by appellees in the amount of $2,000.00. On February 17, 1961, preliminary injunctions were denied appellees by Judge McCarthy. An appeal from this latter ruling was filed by appellees with the Supreme Court on February 28, 1961 (Cause No. 7319), but the same was summarily dismissed by the Supreme Court. Notwithstanding the fact that on January 12, 1961, appellees filed a motion to set both said cases for trial, neither case was ever heard on its merits and both apparently are still pending in the Maricopa Superior Court.

(3) On September 25, 1961, and at the request of the Corporation Commission, (See VISCO vs STATE, 95 Ariz. 154 at 155, 388 Pac.2d 155 [1963]), the Attorney General filed a complaint in the name of the State of Arizona, being Cause No. 130907, Maricopa Superior Court, seeking injunctive relief against the appellants for allegedly operating as a common or

contract carrier for two months prior to the filing of the complaint. The Public Service Act, A.R.S. 40–422 et seq., was invoked for this purpose. On September 27, 1961, appellants filed a motion to quash in said cause and for order to show cause why the Corporation Commission members should not be punished as being in contempt. Both were denied on October 17, 1961. On October 23, 1961, appellants sought a Writ of Prohibition in the Supreme Court, (Cause No. 7450), directed to said Cause No. 130907, but the same was denied by the Supreme Court on November 7, 1961. Thereafter in January, 1962, Cause No. 130907 proceeded to trial on the merits before Judge Ross F. Jones, and on May 31, 1962, Judge Jones issued a permanent injunction against appellants operating as a common carrier, but specifically exempted therefrom appellants' private carrier salvage operations. Appellants appealed on June 29, 1962, from Judge Jones' order and the judgment entered thereon, (Cause No. 7679, Supreme Court). While that appeal was pending, appellants filed a petition in the same said cause below (Cause No. 130907) charging contempt on the part of the Corporation Commission and its members. Judge Lee Garrett denied the petition on July 30, 1962. Thereafter on October 22, 1962, while the appeal was still pending, the State of Arizona filed a petition in the same said cause below (Cause No. 130907) charging contempt on the part of appellants. A hearing was held on this petition on November 7 and 8, 1962, and an order issued November 13, 1962, adjudging appellants in contempt. On December 26, 1963, the Supreme Court rendered its opinion in the matter (VISCO vs STATE, supra) reversing Judge Jones in said Cause No. 130907 and also setting aside the contempt citation against appellants.

This case having been disposed of in the trial court by way of summary judgment proceedings, the primary question presented here is whether the trial court properly granted appellees' motions for summary judgment and to dismiss without a trial on the merits. Two less significant questions also raised by the appellants and which may properly be disposed of on this appeal relate to (1) appellee Calvin H. Udall's motion to strike, and, (2) the question of allowance of costs for copies of depositions.

Appellants have conceded in their brief that "probable cause" is a good defense to malicious prosecution and, as a matter of law, is a question for the trial court to decide, but nevertheless contend that it cannot be done in summary proceedings.

■ We hold that there were no essential facts in dispute before the trial court and that the matter was properly terminated as a matter of law in the summary proceedings before the trial court.

■ Arizona recognizes an action for malicious prosecution. Ackerman v. Kaufman, 41 Ariz. 110, 15 P.2d 966 (1932). Three requisites must be present, however, for a plaintiff to recover. Said requisites are:

(1) The proceedings must have been initiated without probable cause;

(2) The proceedings must have been initiated maliciously, that is, "primarily for a purpose other than that of securing the adjudication of the claim on which the proceedings are based";

(3) The proceedings must have terminated in favor of the person against whom they are brought. See Restatement of Torts, Sec. 674; Ackerman v. Kaufman, supra; McClinton v. Rice, 76 Ariz. 358, 265 P.2d 425 (1953); Wisniski v. Ong, 94 Ariz. 123, 382 P.2d 233 (1963); 58 A.L.R.2d 1422; 86 A.L.R.2d 1090; 34 Am.Jur., Malicious Prosecution, Sec. 6.

■ In making its findings that no probable cause existed, the trial court was entitled to, and apparently did, take judicial notice of the proceedings charged in the complaint. Stewart v. Phoenix National Bank, 49 Ariz. 34, 64 P.2d 101 (1937); Hershey v. Banta, 55 Ariz. 93, 99 P.2d 81 (1940).

 None of the proceedings charged in the complaint terminated on its merits, except Cause No. 130907, and the trial court decided that cause adverse to appellants. Though that case was reversed, the prior adjudication thereof by the trial court in favor of the appellees was sufficient as a matter of law to establish "probable cause." Wisniski v. Ong, supra; Prosser on Torts, 2nd Ed., Sec. 99, pp. 665–666; 58 A.L.R.2d 1442; Restatement of Torts, Secs. 667 and 675, Comment b.

Appellants contend that the alleged conspiracy, plus certain acts on the part of appellees, gave rise to a cause of action that could not have been terminated by the finding of "probable cause" as a matter of law in Cause No. 130907. Appellants further contend that the cause of action set out in Count III of the complaint, relating to alleged "abuse of process" could not be terminated in summary proceedings by reason of finding "probable cause" as a matter of law by the trial court. We agree with appellees that conspiracy in itself does not give rise to a cause of action aside from malicious prosecution, and that the finding of "probable cause" by the trial court as to Cause No. 130907 made unnecessary for the trial court to consider the question of conspiracy. The conspiracy, if any, fell together with the allegations of malicious prosecution and was merely surplusage. See Hale v. Brown, 84 Ariz. 61, 323 P.2d 955 (1958); Consolidated Tungsten Mines v. Frazier, 87 Ariz. 128, 348 P.2d 734, 741 (1960); Werner v. Hearst Publications, 65 Cal.App.2d 667, 151 P.2d 308 (1944); Towne v. Martin, (Okla.), 166 P.2d 98 (1945).

We need not be concerned with the contention of appellants that the actions of appellees invoking the Public Service Act, A.R.S. Sec. 40–422 et seq., in Cause No. 130907 amounted to an abuse of process. This question was settled by the Supreme Court in Visco v. State, supra, where that court said "[t]his action under § 40–422 is an appropriate one in which to decide the question of *whether* the defendant is a public service corporation." (Emphasis supplied.)

Did any of the proceedings initiated by appellees, and enumerated above, other than Cause No. 130907, meet the three requirements relating to malicious prosecution? We think not. The trial court could have, and apparently did, judicially notice that none of said proceedings ever terminated on the merits in favor of appellants. Thus, requisite No. 3 set out above was not met. This in itself is sufficient to terminate the matter in summary proceedings. Furthermore, all of the proceedings complained of, aside from Cause No. 130907, were subject to the affirmative defense of Statute of Limitations. Such defense was sufficiently pleaded by all of the appellees inasmuch as the complaint showed on its face that all said proceedings were barred by the one year Statute of Limitations as set out in A.R.S. Sec. 12–541. See Dawson v. McNaney, 71 Ariz. 79, 223 P.2d 907 (1950).

The motion to strike, filed by appellee, Calvin H. Udall, was properly granted by the trial court on the grounds that the allegations referred to were immaterial, impertinent, scandalous and defamatory. That question has no other significance to this appeal.

The cost of copies of depositions is not specifically disallowed by A.R.S. Sec. 12–332 and is a matter within the sound discretion of the trial court, no less than was "travel expenses" allowed for the purpose of taking deposition, it being a cost incidental to the taking of the deposition. Young's Market Co. v. Laue, 60 Ariz. 512, 141 P.2d 522 (1943). The rationale for the approval of such costs under A.R.S. Sec. 12–332 is adequately set forth in United States v. Kolesar, 313 F.2d 835, 840 (5th Circ.1963), as follows:

"Effective cross examination of witnesses frequently rests on availability of pretrial depositions either of that witness or other witnesses. This, as

all lawyers—and lawyers-turned-judges —know is not a spur of the moment bit of legal forensics. Like the rest of successful trial advocacy, it depends on preparation. Preparation means selection and that means mechanical aids such as checks, underscoring, marginal notes, and the like. Such liberties can hardly be permitted with the one and only original deposition in the official court files."

Another case is Independent Iron Works, Inc. v. United States Steel Corporation, 322 F.2d 656, 678–679 (9th Circ.1963), where the court stated:

"Many of the deponents were officers and employees of the defendants and were, or might have been, available as witnesses at the trial. In Hancock v. Albee, 11 F.R.D. 139 (D.Conn.1951) the expense of a copy of a party's own deposition taken by an adversary was allowed as costs. *The court said the possibility that the deposition would be used to impeach the party created a reasonable necessity for his purchase of a copy in order to hold the impeachment within proper limits.* The precise basis for the trial court's ruling in this case does not appear, and we cite Hancock to demonstrate that the same, or some other equally valid basis, may have existed to justify the court's allowance of these items." (Emphasis supplied.)

In the instant case, the depositions referred to were taken by the appellants and the deponents were party defendants and representatives of party defendants to the action. We agree with appellees that it is most essential that the parties so affected have copies of such depositions in order to prepare for possible impeachment and to otherwise allow adequate preparation of the case prior to trial, and that costs for such copies of depositions properly should be allowed, within the sound discretion of the trial court, as an incidental expense in the taking of the deposition itself.

The judgment is affirmed.

STEVENS, C. J., and CAMERON, J., concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from consideration of this matter, Judge JOHN P. COLLINS was called to sit in his stead and participate in the determination of this decision.